O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-03806 ODW(SSx) | Date | 9/14/2010 |
|---|---|---|---|
| Title | *Luisa Lolo v. Aurora Loan Services, LLC, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):** **Order GRANTING Aurora's Motion to Dismiss [17] and Expunging Lis Pendens [19].**

Currently before the Court is Defendant Aurora Loan Services, LLC's ("Aurora") Motion to Dismiss Plaintiff Luisa Lolo's ("Lolo") Complaint. Having considered the arguments made in support of and in opposition to the instant motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78. The September 20, 2010 hearing is thus VACATED, and Aurora's Motion is GRANTED.

Plaintiff originally filed her Complaint in Los Angeles Superior Court in February 2010, alleging improper trustee sale of the property located at 16900 Bixby Avenue, Bellflower, CA 90706. Defendant removed the action to federal court in May 2010 and, one week later, filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which this Court granted on July 6, 2010. Although the Court gave Plaintiff until July 28, 2010 to amend her complaint, she has yet to do so, promting Aurora's present motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b).

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

Here, Plaintiff was given ample opportunity to amend her complaint, but failed to

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-03806 ODW(SSx) | Date | 9/14/2010 |
|---|---|---|---|
| Title | *Luisa Lolo v. Aurora Loan Services, LLC, et al.* | | |

do so in a timely manner. Indeed, Plaintiff has yet to file an amended complaint. The motion to dismiss pursuant to Rule 41(b) is therefore **GRANTED**. And, because Plaintiff has no operative complaint on file to support her lis pendens claim, Aurora's motion to expunge lis pendens is similarly **GRANTED**. *See* Cal. Code Civ. Proc. 405.31, 405.32.

    **SO ORDERED.**

|  | -- | : | 00 |
|---|---|---|---|
| | **Initials of Preparer** | RGN | |